IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT JOHN TATE,<br><br>Defendant. | **MEMORANDUM DECISIONS AND ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>Case No. 2:12-cr-00264-CW<br><br>Judge Clark Waddoups |

On September 12, 2022, the court received a letter, dated August 9, 2022, from Defendant Robert John Tate requesting appointment of counsel for assistance in challenging his sentence. (ECF No. 168.) The court received a second, nearly identical letter from Mr. Tate on September 30, 2022. (ECF No. 169.) The court will construe both letters as motions for appointment of counsel.

Congress has authorized the court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is "no constitutional right to counsel beyond the appeal of a criminal conviction," however, and appointment of counsel in a proceeding to collaterally attack a conviction or sentence is generally "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333-34 (10th Cir. 1994).

When considering whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the

claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

In this instance, Mr. Tate has failed to identify a meritorious basis for challenging his sentence. In his two motions, he claims that he is entitled to a reduction in sentence based on "new laws doing away with ACCA, career offenders, and minimum mandatories." (ECF No. 169.) Mr. Tate, however, cites no authority for his contention that any new law has undermined the basis for his original sentence. Mr. Tate's assertions are factually inaccurate. Congress has not repealed the Armed Career Criminals Act ("ACCA"), which requires the imposition of mandatory minimum sentences on certain career offenders.

While the Supreme Court has, in recent years, invalidated some portions of ACCA, *see e.g.*, *Johnson v. United States*, 576 U.S. 591, 606 (2015) (holding ACCA's residual clause unconstitutional), the Court has not invalidated application of ACCA where a defendant has committed prior serious drug offenses. Since Mr. Tate was subject to a heightened mandatory minimum sentence as a result of his prior serious drug offenses, (*see* Notice of Enhanced Punishment, ECF No. 20), his claim that "new law" eliminates the basis for his sentence has no merit.

Moreover, even if Mr. Tate had presented a colorable basis for questioning the propriety of his original sentence, he has not identified any basis for the court to set aside his original sentence and impose a new one. A defendant wishing to challenge the validity of his sentence must typically do so through a properly supported motion brought pursuant to 28 U.S.C. § 2255. Section 2255, however, generally requires that such motions be brought within one year of the judgment of conviction, unless the defendant can prove that there was some legal or factual impediment that

prevented him or her from raising the issue earlier. *See* 28 U.S.C. § 2255(f).

Here, judgment was entered against Mr. Tate on January 18, 2013, more than nine years before the current motions were filed with the court. (ECF No. 53.) Mr. Tate identifies no basis for extending the one-year limitations period for bringing a Section 2255 motion. Therefore, even if Mr. Tate had presented some colorable basis for questioning the validity of his original sentence, any motion that he would bring to challenge that sentence would likely be time-barred.

Finally, Section 2255 also generally prohibits defendants from bringing successive motions challenging their conviction or sentence unless they first obtain certification from the court of appeals under narrow circumstances. Mr. Tate, however, has previously brought two unsuccessful Section 2255 petitions. (See ECF Nos. 66, 165.) He has not obtained certification from the court of appeals to bring a third. Nor has he identified any grounds under which the court of appeals would be likely to grant such a certification. Thus, Mr. Tate's efforts to challenge his sentence are likely to be barred by Section 2255's rule against second or successive motions as well.

Because Mr. Tate has failed to identify any colorable argument for challenging the validity of his sentence and has not explained how he could raise such a challenge in light of Section 2255's time bar and bar on second or successive petitions, the court concludes that it would not be unjust to deny Mr. Tate's motions for appointment of counsel.

Accordingly, the court hereby DENIES Mr. Tate's motions for appointment of counsel.

DATED this 19th day of January, 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Court